# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANTHONY ZEOLI, | ) |
| | ) Case No. : 22-609 |
| Plaintiff, | ) |
| | ) |
| v. | ) **COMPLAINT** |
| | ) |
| CAPITAL ONE BANK USA, N.A.; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; and EQUIFAX INFORMATION SERVICES LLC; | ) ) **JURY DEMANDED** ) ) ) |
| Defendants. | ) |

Now comes the Plaintiff, ANTHONY ZEOLI ("Plaintiff"), by and through his attorneys, and for his Complaint against the Defendants, CAPITAL ONE BANK USA, N.A. ("Capital One"), EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), TRANS UNION LLC ("Trans Union"), and EQUIFAX INFORMATION SERVICES LLC ("Equifax") (collectively referred to as "Defendants"), Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for Defendants' violations of the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. § 1681, *et seq*., which regulates the furnishing and reporting of consumer credit information.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises under a law of the United States, the FCRA. In addition, the FCRA, 15 U.S.C. § 1681p, provides that this action may be brought in "any appropriate United States district court."

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendants are deemed to reside in any judicial district in which they are subject to personal jurisdiction at the time this action is commenced, Defendants' contacts with this District are sufficient to subject them to personal jurisdiction, and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## PARTIES

4. Plaintiff is an individual who was at all relevant times residing in Chicago, Illinois.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c), as he is an individual.

6. Defendant Capital One is a "person" as the term is defined by 15 U.S.C. § 1681a(b), as it is an "other entity."

7. Defendants Trans Union and Experian are both a "person" as the term is defined by 15 U.S.C. § 1681a(b), as they are an "other entity."

8. Defendant Equifax is a "person" as the term is defined by 15 U.S.C. § 1681a(b), as it is a corporation.

9. On information and belief, Defendants are all persons which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engage in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which use any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports, and are all therefore a "credit reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a(f).

10. Defendants were responsible for reporting information about Plaintiff's Capital One account on Plaintiff's "consumer report[s]" as that term is defined by 15 U.S.C. § 1681a(d)(1). Furthermore, Defendants are "information furnishers" as that term is used in the FCRA.

11. On information and belief, Capital One is a national banking association which has its principal place of business in McLean, Virginia.

12. On information and belief, Trans Union is a limited liability company of the State of Delaware, which is registered with the Secretary of State to do business in Illinois, and which has its principal place of business in Chicago, Illinois.

13. On information and belief, Equifax is a corporation of the State of Georgia, which is registered with the Secretary of State to do business in Illinois, and which has its principal place of business in Atlanta, Georgia.

14. On information and belief, Experian is a corporation of the State of Ohio, which is registered with the Secretary of State to do business in Illinois, and which has its principal place of business in Costa Mesa, California.

**FACTS COMMON TO ALL COUNTS**

15. During or about October of 2019, Plaintiff applied for and received a Quicksilver credit card account through Capital One.

16. Prior to April of 2020, Plaintiff called Capital One to set up automatic monthly payment withdrawals from his bank account for the Quicksilver credit card account (hereafter "the Quicksilver account").

17. Capital One's customer service representative with whom Plaintiff spoke assured Plaintiff that the automatic payments for the Quicksilver account had been set up and would be withdrawn from Plaintiff's bank account monthly.

18. During or about June of 2020, Plaintiff discovered that Capital One had failed to initiate the withdrawal of Plaintiff's automatic payment for the Quicksilver account for May of 2020.

19. Upon realizing that Capital One had failed to initiate the withdrawal of Plaintiff's automatic payment for the Quicksilver account for May of 2020, Plaintiff immediately made said payment to Capital One. However, by that time, Capital One had already reported a late payment for May of 2020 on Plaintiff's Equifax, Trans Union, and Experian consumer reports.

20. Capital One's false reporting caused a derogatory mark to be placed on Plaintiff's consumer reports, which caused Plaintiff's credit scores to decrease significantly.

21. Prior to Capital One's false reporting, Plaintiff did not have any late or delinquent payments on any of his consumer reports, including but not limited to another account Plaintiff had maintained with Capital One prior to opening the Quicksilver account.

22. Upon discovering Capital One's false reporting, Plaintiff submitted numerous disputes to Equifax, Trans Union, and Experian. In total, Plaintiff submitted over 20 such disputes.

23. Furthermore, Plaintiff requested on multiple occasions that Capital One provide evidence, including records of the phone call described above, to support its position in relation to the disputed information Capital One was furnishing for reporting on Plaintiff's consumer reports. Capital One failed to provide any such evidence to Plaintiff.

24. On information and belief, upon receipt of Plaintiff's disputes, Equifax, Trans Union, and Experian notified Capital One of the nature of Plaintiff's disputes, as is required by 15 U.S.C. § 1681i(a)(2).

25. Capital One then and there owed to Plaintiff a duty to assist Equifax, Trans Union, and Experian in a re-investigation into the disputed facts that were being reported about Plaintiff.

4

26. Notwithstanding Plaintiff's efforts and Capital One's duties, Capital One continued to publish and disseminate the above-described inaccurate information about Plaintiff to Equifax, Trans Union, and Experian.

27. On information and belief, Capital One verified to Equifax, Trans Union, and Experian that the manner in which it was reporting Plaintiff's Quicksilver account payment history on Plaintiff's consumer reports was accurate, despite Plaintiff having provided a clear explanation of the incorrect nature of Capital One's reporting, as described above.

28. Equifax, Trans Union, and Experian continue to report Capital One's derogatory remarks, which were disputed by Plaintiff, on Plaintiff's consumer reports.

29. Defendants are aware that this incorrect information on Plaintiff's consumer reports is going to be disseminated to various other persons or parties who will be reviewing this information for the purpose of potentially extending offers of credit, insurance, and/or employment to Plaintiff.

30. Despite Plaintiff's efforts to date, Defendants have deliberately, willfully, intentionally, recklessly, and negligently failed to perform reasonable reinvestigations of the disputes described above as required by the FCRA, have failed to remove and/or correct the inaccurate information from Plaintiff's consumer reports, and have continued to report the inaccurate derogatory information about Plaintiff on his consumer reports.

31. As a result of Defendants' actions and omissions as set forth above, Plaintiff has been damaged, and continues to be damaged, in numerous ways which include, but are not limited to, the following:

    a. Obtaining offers of credit under less favorable terms than what Plaintiff would have been offered but for Defendants' inaccurate reporting;

      b.      Out of pocket expenses associated with disputing the information only to find the information remained on Plaintiff's consumer reports;

      c.      Stress, aggravation, frustration, emotional distress, and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people and companies, both known and unknown;

      d.      Denial of credit, loans, financing, and/or other damages not yet known by Plaintiff; and

      e.      Decreased credit score, which has resulted in the inability to obtain certain credit terms, and may result in the inability to obtain credit in the future.

32. Defendants' conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined above, and as a result, Defendants are liable to compensate Plaintiff for the full amount of Plaintiff's statutory, actual, and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

33. Defendants violated sections 1681n and 1681o of the FCRA by engaging in the conduct which includes, but is not limited to, the following, and which violates 15 U.S.C. § 1681s-2(b):

      a.      Willfully and negligently failing to conduct a reasonable investigation of the inaccurate information that Plaintiff disputed;

      b.      Willfully and negligently failing to review all relevant information concerning Plaintiff's Quicksilver account provided to Defendants;

  c. Willfully and negligently failing to report the accurate status of the inaccurate information to all credit reporting agencies;

  d. Willfully and negligently failing to properly participate, investigate, and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

  e. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account, and other information concerning Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and

  f. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

34. At all times pertinent hereto, Defendants were acting by and through their agents, servants, and/or employees, who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

35. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants, and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for the legal rights of Plaintiff herein.

**COUNT I**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT BY ALL DEFENDANTS**

36. Plaintiff incorporates all of the allegations and statements in paragraphs 1 through 35 above as if reiterated herein.

37. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

38. Capital One negligently and willfully failed to comply with its obligations as a furnisher of information to consumer reporting agencies under 15 U.S.C. § 1681s-2(b).

39. Equifax, Trans Union, and Experian negligently and willfully failed to comply with their obligations to reasonably reinvestigate disputed information they were reporting under 15 U.S.C. § 1681i.

40. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1), and reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1681o(a)(2), from Defendants.

41. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or statutory damages of not less than $100 and not more than $1,000, pursuant to 15 U.S.C. § 1681n(a)(1)(A), punitive damages as the Court may allow, pursuant to 15 U.S.C. § 1681n(a)(2), and reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1681n(a)(3), from Defendants.

Wherefore, Plaintiff, ANTHONY ZEOLI, respectfully prays this Honorable Court enter judgment against Defendants CAPITAL ONE BANK USA, N.A., EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, and EQUIFAX INFORMATION SERVICES LLC as follows:

    a. An award of actual damages sustained by Plaintiff, pursuant to 15 U.S.C. § 1681o(a)(1);

    b. An award of statutory damages of $1,000.00 to Plaintiff for every violation of the FCRA, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

    c. An award of punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

  d.  An award of costs of litigation and reasonable attorneys' fees, pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);

  e.  Pre-judgment and post-judgment interest; and

  f.  Any other relief the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action on all issues so triable, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

RESPECTFULLY SUBMITTED,

ANTHONY ZEOLI

By: /s/ David B. Levin
   Attorney for Plaintiff
   Illinois Attorney No. 6212141
   Law Offices of Todd M. Friedman, P.C.
   111 West Jackson Blvd., Suite 1700
   Chicago, IL 60604
   Phone: (224) 218-0882
   Fax: (866) 633-0228
   dlevin@toddflaw.com